NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE APELDYN CORPORATION,**
Petitioner.

---

Miscellaneous Docket No. 934

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in case no. 08-CV-0568, Judge Sue L. Robinson.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, *Chief Judge*, BRYSON, and MOORE, *Circuit Judges*.

RADER, *Chief Judge*.

## ORDER

Apeldyn Corporation seeks a writ of mandamus to direct the United States District Court for the District of Delaware to vacate its orders disqualifying R. Tyler Goodwyn, IV, a partner at the law firm of McKenna Long & Aldridge, L.L.P. (McKenna) and the entire McKenna firm from further representation in this case. Samsung Electronics Co., Ltd. et al. (Samsung) oppose.

This petition arises out of a suit brought by Apeldyn, alleging that Samsung's liquid crystal display (LCD) products infringe Apeldyn's patent relating to overdrive functionality. In its orders granting Samsung's motion for disqualification and denying Apeldyn's motion for reconsideration, the district court determined that a substantial relationship exists between this case and a prior infringement suit involving a separate patent relating to digital random access memory (DRAM). Goodwyn represented Samsung as a defendant in that prior DRAM patent infringement suit, while he was a partner in a previous law firm. The court noted that Goodwyn had played a lead role in that suit, billing more than 4,000 hours, performed extensive work related to analyzing Samsung's DRAM products in a patent infringement defense context, and was also "exposed to factors that Samsung considers important in settlement."

The court also explained that it was undisputed that DRAM was a "required element" for the accused overdrive functionality. The court acknowledged that the patent at bar neither mentioned DRAM specifically nor memory at all. However, the court explained that because the relevant claim limitations were written as means plus function terms and DRAM was essential to Samsung's accused overdrive functionality, it could not fathom how Apeldyn would prove or how Samsung would rebut an allegation that the DRAM memory component meets the test of structural equivalency necessary to prove literal infringement without dealing with the structure of Samsung's accused products.

The court further noted that despite Apeldyn's contentions that the internal structure of the memory of Samsung's accused products was irrelevant to the case at bar, "[Apeldyn] has not, in spite of defendants' prompting, supported this position with an infringement contention demonstrating that structural analysis of DRAM is

unnecessary to carrying its burden." The court therefore concluded that there was a "'common sense inference' that Apeldyn will necessarily be using specimens and documentations that are the same type, if not the same, as those collected and reviewed by Mr. Goodwyn [in the prior action]."

As to disqualification of the entire McKenna firm, the court` explained that "not only did [McKenna] fail to institute [an effective] screening measure; it affirmatively involved Mr. Goodwyn with this matter." In this regard, the court determined that McKenna had failed to thoroughly vet Goodwyn's potential conflicts at the time he joined the firm. The court added that within months of being hired, McKenna asked Goodwyn, out of numerous other attorneys at the firm, to work on this matter. The court also noted that despite McKenna's assertion that an informal screen of silence had been put around Goodwyn he continued to receive documents and emails relating to the case. The court therefore concluded that "the appearance of impropriety in [McKenna's] representation" resulting from its failure to vet potential conflicts and Goodwyn's significant role representing Samsung in a prior case warranted disqualification.

This court may issue mandamus upon a showing that the district court's disqualification of counsel was so clearly an abuse of discretion that it amounted to an unlawful exercise of judicial authority. *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 401-02 (3d Cir. 2006). Applying Third Circuit law in cases arising from district courts in that circuit, attorney disqualification is governed by the precedent of that circuit and the principles and rules set forth in the ABA Model Rules of Professional Conduct. *In re Corn Derivatives Antitrust Litigation*, 748 F.2d 157, 160-61 (3d Cir. 1984).

ABA Model Rule 1.9(a) provides that "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Comment Three to Rule 1.9 notes "matters" are "substantially related" for purposes of this Rule if "they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." In addition, ABA Model Rule 1.10 provides that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so under Rule 1.9.

The mandamus standard is an exacting one and has not been met in this case. While it is undisputed that memory is not expressly mentioned in the patent specification at bar, it is unclear what significance the DRAM component of Samsung's accused overdrive functionality will play in this case. That uncertainty rests on the failures of the petitioner. As noted above, the district court explained that "[Apeldyn] has not, in spite of defendants' prompting, supported this position with an infringement contention demonstrating that structural analysis of DRAM is unnecessary to carrying its burden." Apeldyn defends its position, contending that the burden of disqualification rested with Samsung. However, Apeldyn has been equally unassertive in this regard here where it, not Samsung, maintains the burden.

Samsung contends that Apeldyn places too narrow a focus the differences in the technical issues between the two cases. We agree. While the district court analyzed

and rejected Apeldyn's contention that the internal aspects of the DRAM component of the accused devices will not play a role in the test of structural equivalency necessary to prove literal infringement, the court also more generally explained that because DRAM is essential to the accused overdrive function, it was likely that specimens and documentation at this trial will be the same. as those previously collected and reviewed by Goodwyn. The court added that Goodwyn's prior representation of Samsung "exposed [him] to factors that Samsung considers important in settlement." These are sufficient findings to support the court's determination that confidential information could be used materially against Samsung with Goodwyn's continued representation.

Apeldyn also argues that the district court clearly erred in disqualifying the entire McKenna firm because there was an informal screen put up around Goodwyn after being notified of the potential conflict. We disagree with this contention. As a general matter, Rule 1.10 provides that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so under Rule 1.9. While the Third Circuit may recognize that proper screening measures under certain circumstances may eliminate the need for disqualification of a single conflicted attorney, we agree with the district court that such circumstances did not exist here. First, the district court concluded that Apeldyn failed to thoroughly vet potential conflicts upon Goodwyn's hiring. Second, from the record, it appears that when the potential conflict was brought to McKenna's attention, the firm undertook the risk of continuing representation based only on an analysis of the technical distinctions between the two patents rather than the potential adverse use of confidential information. Third, there is

enough evidence here to support the district court's determination that McKenna's measures were not effective enough to warrant allowing the firm to continue its representation in this case, as Goodwyn continued to receive communications regarding the case after McKenna asserts that the screen was in place.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

AUG   2 2010
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Gaspare J. Bono, Esq.
    Neil Phillip Sirota, Esq.

s19



FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK